

MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Plaintiff
One Battery Park Plaza
New York, NY   10004
(212) 804-4200
Francis A. Montbach (FAM9631)
Email: fmontbach@moundcotton.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

C.H. ROBINSON INTERNATIONAL, INC.,

                         Plaintiff,

   - v —


UNITED ARAB SHIPPING COMPANY, S.A.G.

                         Defendant.

---

**ECF CASE**

\_\_\_\_ Civ. \_\_\_\_\_

**COMPLAINT**

---

Plaintiff, by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Complaint against defendant, United Arab Shipping Company S.A.G., alleges as follows:

1.      This action involves admiralty and maritime claims within the meaning of Rule 9(h) with respect to carriage of the subject cargo by sea and falls within the Court's pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claims.  Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

2.      Plaintiff C.H. Robinson International, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Eden Prairie, Minnesota.  This action is

also brought by and on behalf of the shippers, consignees, and owners of the cargo transported pursuant to bill of lading #HKHKG321230, dated March 12, 2013 and the holder of the subject bill of lading, as their interests may appear.

3.      Defendant United Arab Shipping Company (S.A.G.) is believed to be a corporation organized under the laws of a foreign sovereign.

4.      The Court has jurisdiction over the defendant, which conducts business in the State of New York and the United States as a whole within the meaning of and pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure as a common carrier of cargo for hire.  In addition, defendant's bill of lading includes a Southern District of New York forum selection clause.

5.      This action involves nondelivery, shortage, loss and damage to the subject cargo shipment which was carried aboard the CMA CGM Florida, Voyage 815E described more fully in United Arab Shipping Company (S.A.G.) bill of lading annexed as Exhibit "A" and which is incorporated herein by reference.

6.      The aforesaid nondelivery, shortage, loss, and damage was caused by (a) defendant's reckless and negligent failure to properly load, stow, carry, care for and deliver the subject cargo; and (b) the unseaworthiness of the carrying vessel; (c) defendant's fundamental breaches of, and material deviations from the governing carriage contract; and (d) defendant's failure to take adequate and proper steps to mitigate the losses after the initial damages occurred.

7.      As a result of the aforesaid, defendant is liable to plaintiff as a common carrier, bailee and/or warehouseman for hire for damages in the amount of $126,897.22.

8.      Plaintiff sues on its own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

WHEREFORE, plaintiff demands judgment against the defendant in the amount of $126,897.22 in addition to interest at the rate of 9% per annum and the costs of this action.

Dated: New York, New York
          April 17, 2014.

MOUND COTTON WOLLAN & GREENGRASS

Francis A. Montbach (FAM9631)
Attorney for Plaintiff
One Battery Park Plaza
New York, NY   10004
(212) 804-4200

EXHIBIT A

GLOBAL NON-NEGOTIABLE SEA WAYBILL FOR COMBINED TR/    ORT SHIPMENT OR PORT TO PORT SHIPMENT

Terms and Conditions of this Sea Waybill printed on reverse can also be read on UASC's website www.uasc.net}

SWB No.: **IKHKG321230**

Book No.: HKHKG321230

Reference:

UNITED ARAB SHIPPING COMPANY S.A.G.

**1.Shipper**
C.H. ROBINSON WORLDWIDE (HK) LTD.,
UNIT 2609-16, TOWER 1, MILLENNIUM
CITY 1 388 KWUN ROAD, KOWLOON, HONG
KONG

**2.Consignee**
C.H. ROBINSON INTERNATIONAL, INC.
TRAVELERS TOWER STE 300 26555 EVERGREEN
RD, SOUTHFIELD, MI 48076 UNITED STATES
GERRAN FERRY T:+1 (248) 948-9430
F:+1 2489489490

**3.Notify Party/Address**    It is agreed that no responsibility shall attach to the Carrier or his agents for
failure to notify (see Clause 23 on reverse)
C.H. ROBINSON INTERNATIONAL, INC.
TRAVELERS TOWER STE 300 26555 EVERGREEN
RD, SOUTHFIELD, MI 48076 UNITED STATES
GERRAN FERRY T:+1 (248) 948-9430

THIS SEA WAYBILL IS A NON-NEGOTIABLE DOCUMENT & IS NOT A BILL OF LADING AND /OR A DOCUMENT OF TITLE TO THE GOODS. RECEIVED by the Carrier from the shipper in apparent external good order and condition(unless otherwise noted herein) the total number of Containers or other packages or units indicated in Box 10 below entitled "Number and kind of packages; Description of Goods" for carriage subject to all CONDITIONS AND STIPULATIONS WRITTEN, PRINTED, STAMPED OR OTHERWISE INCORPORATED ON THE FRONT AND BACK HEREOF AND THE PROVISIONS OF THE CARRIER'S APPLICABLE TARIFF (INCLUDING, BUT NOT LIMITED TO, THOSE RELATING TO CONTINGENCIES, FREIGHT, DEMURRAGE OR DETENTION ON CONTAINERS AND VEHICLES AND OTHER CHARGES) WHICH ARE MUTATIS MUTANDIS HEREBY INCORPORATED INTO THIS SEA WAYBILL AND THE CMI UNIFORM RULES FOR SEA WAYBILLS 1990, ALWAYS EXCLUDING RULES 4 AND 5(B) (II), WHICH ARE ALSO HEREBY INCORPORATED INTO THIS SEA WAYBILL from the Place of Receipt or the Port of Loading, whichever is applicable, to the Port of Discharge or the Place of Delivery, whichever is applicable, on payment of all freight and charges due thereon whether the Carrier is acting as such or bailee. In case of conflict, the other conditions and stipulations of this sea waybill and provisions of the Carriers' Applicable Tariff will prevail over the CMI Uniform Rules for Sea Waybills 1990 as incorporated above. If the acknowledged tally is of Containers, this indicates that the Container has been packed and sealed by the Merchant at his premises without the Carrier being represented and able to check or verify either the tally of Goods or the stowage, which are consequently unknown to him (see clause 12). The Merchant accepts that, except by special arrangement or pursuant to clause 10 hereof, Containers are not weighed by the Carrier at any time. Without prejudice to the generality of this reference, attention is drawn to clause 3 which provides that the shipper on entering into the contract of carriage does so not only on his own behalf but also as agent for and on behalf of the Consignee and the owner of the goods, and warrants to the Carrier that he has authority so to do and clauses 6, 7 and 8 (Limitation of carrier's liability), 12 (Description of Goods), 13 (Shippers/Merchant's responsibility), 19 (Dangerous goods) and 20 (Perishable Goods) and the terms of the Carrier's Applicable Tariff which relate to freight, lien, contingencies, demurrage and other charges.

**4.Vessel and Voyage No.**
CMA CGM FLORIDA/815/E

**7.Place of Receipt** (Applicable only when this document is used as a Combined Transport Sea Waybill)

**5.Port of Loading**
HONG KONG

**6.Port of Discharge**
JACKSONVILLE, FL

**8.Place of Delivery** (Applicable only when this document is used as a Combined Transport Sea Waybill)

PARTICULARS AS DECLARED BY SHIPPER

| 9.Marks and Nos; Container Nos; Seal Nos; | 10.Number and kind of Packages; Description of Goods | 11.Gross Weight (kg) | 12.Measurement (cbm) |
|---|---|---|---|
| NO MARK | TOTAL PACKAGES :4836 | 17772.300 KGS | 62.868 CBM |
| | 1 X 40HC STC | | |
| | 2418 CARTON(S) | | |
| | 9780547903699 | | |
| | HMH JRNY CC LEVEL RDR STRAND SET | | |
| | 6 ABOVE GR 5 | | |
| | | | |
| | HS CODE. 490199 | | |
| | | 16594.730 KGS | 62.868 CBM |
| | 1 X 40HC STC | | |
| | 2418 CARTON(S) | | |
| | HMH JRNY CC LEVEL RDR STRAND SET | | |
| | 6 BELOW GR 1 | | |
| | | | |
| | HS CODE. 490199 | | |
| | | | |
| | "TRANSHIPMENT CARGO FROM SHENZHEN | | |
| | TO JACKSONVILLE VIA HONG KONG | | |
| | BY TRUCK" | | |
| | | | |
| | FREIGHT COLLECT | | |
| | | | |
| | SEAWAY BILL | | |
| | | | |
| | SHIPMENT TERM: FREE ON BOARD | | |
| | CARRIAGE TERM: LINER | | |
| | TRANSPORT TERM: CY / CY | | |

SHIPPED ON BOARD CMA CGM FLORIDA / 815 / E 12-MAR-2013
********Continued to next page ***********                     PAGE    1 / 2

BL No      HKHKG321230
Above particulars as declared by Shipper, without responsibility or warranty as to correctness by Carrier (see also Clauses 12 and 13)

| 13.Freight payable at | 16.Movement |
|---|---|
| Cranford, NJ | FCL/FCL |

| 14.Date of Issue | 15.Place of Issue |
|---|---|
| 12-MAR-2013 | HONG KONG, HONG KONG |

**17.Shipper's Declared Value/Ad Valorem Value** (see Clauses 8.3.1, 8.3.2 and 29.3 on the reverse side of this Sea Waybill)

**18. Right of Control:**

**19. JURISDICTION:** All claims or disputes arising out of the carriage of Goods under this Sea Waybill shall be determined and governed exclusively in accordance with the jurisdiction and choice of law clauses contained in Clauses 28 and 29 on the reverse side of this Sea Waybill.

The cargo shipped under this Sea Waybill will be delivered to the Party named as Consignee or its Authorised agent on production of proof of identity without any documentary formalities (clause 23.2). The Shipper is the only party entitled to give the Carrier instructions in relation to the contract of carriage unless he has exercised his option under clause 22.2. Unless prohibited by any applicable law, the Shipper is entitled under clause 22.1 to change the name of the Consignee at any time up to the Consignee claiming delivery of the Goods after their arrival at destination, provided he has given the Carrier reasonable notice in writing, or by some other means acceptable to the Carrier, thereby undertaking to indemnify the Carrier against any additional expense caused thereby. The Shipper has the option, to be exercised not later than the receipt of the Goods by the Carrier, to transfer the right of control to the Consignee under clause 22.2. The exercise of this option must be noted on this sea waybill in box 18. Where this option has been exercised, the Consignee shall have such rights as are referred to in Clause 22.1 and the Shipper shall cease to have such rights.

IN WITNESS whereof, Signed for and on behalf of the Carrier United Arab Shipping Company S.A.G., by the designated Agent:

UNITED ARAB SHIPPING AGENCY COMPANY (HONG KONG) LIMITED as Agent for Carrier United Arab Shipping Company, (S.A.G)

```
BL NO   HKHKG321230                    ******* Continuation of page  1                        PAGE  2 / 2
9.Marks and Nos; Container Nos;        10.Number and Kind of Packages; Description of Goods    ...Gross Weight (kg)  12.Measurement(cbm)

AMFU8479402    / 40 / HC / 1543549 / 2418 CARTON(S) / TW: 3780.000 KGS
ABOVE CNTR. WEIGHT & CBM :16594.730 KGS 62.868 CBM
UACU5610889    / 40 / HC / 1543456 / 2418 CARTON(S) / TW: 3800.000 KGS
ABOVE CNTR. WEIGHT & CBM :17772.300 KGS 62.868 CBM


SHIPPER'S LOAD AND COUNT
THE REFERENCES TO THE PURCHASE ORDER / LETTERS OF CREDIT /INVOICE
NUMBERS ARE ONLY FOR THE PURPOSE OF THE IDENTITY OF THE CARGO AND THE
CARRIERS ARE NOT PRIVY TO THE DOCUMENTS AND THE VALUE OF THE CARGO IS
NOT DISCLOSED TO THE CARRIERS. THE SHIPPER / CONSIGNEE AGREE THAT
THESE REFERENCES DO NOT AFFECT THE CARRIERS' RIGHT TO LIMIT THEIR
LIABILITY.
FREIGHT AS ARRANGED
      ****************************** END OF BILL OF LADING   HKHKG321230 ***********************************
```